[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-12436
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 2, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00009-CR-T-27-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID EMANUL JONES,
a.k.a. David Emanuel Jones,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 2, 2008)

Before BLACK, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

David Emanul Jones appeals his 780-month sentence imposed for (1)

conspiracy to obstruct commerce by robbery, 18 U.S.C. § 1951; (2) Hobbs Act robbery, 18 U.S.C. § 1951; (3) using or carrying a firearm during and in relation to a crime of violence resulting in death, 18 U.S.C. §§ 924(c)(1)(A), 924(j); (4) conspiracy to distribute cocaine, 21 U.S.C. §§ 846, 841(b)(1)(b); (5) possession with intent to distribute cocaine and marijuana, 21 U.S.C. §§ 846, 841(b)(1)(C), 841 (b)(1)(D); (6) using or carrying a firearm during and in relation to a drug trafficking offense resulting in death, 18 U.S.C. §§ 924(c)(1)(A), 924(j); and (7) possession of a firearm by a convicted felon, 18 U.S.C. § 922(g).

On appeal, Jones argues that the district court erred by not awarding a two-level reduction for his minor participation in the offense. He claims that he was only assisting in the robbery, had no supervisory authority, did not have a gun or participate in the murder, and was not the mastermind or organizer of the conspiracy. Finding no clear error, we affirm.

We review a district court's determination of a defendant's role in the offense for clear error. *United States v. Rodriguez De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). We have explained that

> a trial court's choice between "two permissible views of the evidence" is the very essence of the clear error standard of review. So long as the basis of the trial court's decision is supported by the record *and* does not involve a misapplication of a rule of law, we believe that it will be rare for an appellate court to conclude that the sentencing court's determination is clearly erroneous.

2

*Id.* at 945 (internal citation and footnote omitted). "The proponent of the downward adjustment . . . always bears the burden of proving a mitigating role in the offense by a preponderance of the evidence." *Id.* at 939. A district court may decrease a defendant's offense level by two levels if it finds that the defendant was a "minor participant." U.S. SENTENCING GUIDELINES MANUAL § 3B1.2(b) (2007). A "minor participant" is a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." § 3B1.2 cmt. n.5.

In determining whether a minor-role adjustment applies, the district court should consider two principles: "first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct." *Rodriguez De Varon,* 175 F.3d at 940. As to the first prong, "[o]nly if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable – not a minor role in any larger criminal conspiracy – should the district court grant a downward adjustment for minor role in the offense." *Id.* at 944. As to the second prong, a district court should look at other participants only to the extent that they (1) "are identifiable or discernable from the evidence" and (2) "were involved in the relevant conduct attributed to the defendant." *Id.* The first prong may, in many cases, be dispositive. *Id.* at 945.

Jones knew of both the robbery plans and the use of guns to complete the robbery at Carlton Potts' residence. He also actively assisted in that robbery. He has not shown that he played a minor role in the relevant conduct for which he was held accountable.

The district court's decision is also supported under the second prong. Jones argues that he was only assisting in a robbery and was not the supervisor, mastermind, or organizer of the conspiracy. But Jones, along with the other participants, beat the victims after forcing them to lie on the floor, searched the house, and stole drugs and money. And, according to the victims and his codefendant Jermaine Julian, he carried a gun into the robbery.

Even if Jones were less culpable than Julian, who shot and killed Potts during the robbery, the district court did not clearly err in denying Jones a minor role reduction. *See id*. at 944 (stating that "[t]he fact that a defendant's role may be less than that of other participants engaged in the relevant conduct may not be dispositive of role in the offense, since it is possible that none are minor or minimal participants"). The district court's findings are supported by the record, and the court properly applied the two-prong *Rodriguez De Varon* analysis. The court's judgment is therefore

**AFFIRMED.**

4