KING, Circuit Judge,
dissenting in part:
Because the district court was entitled to sentence Bran on Count III to something other than a mandatory consecutive life sentence, I respectfully dissent. In affirming Bran’s sentence, my friends in the majority rely on the erroneous conclusion that 18 U.S.C. § 924(c) requires a consecutive sentence on Bran’s § 924© conviction. As explained below, nothing in either § 924(c) or § 924© mandates such a ruling. I would therefore vacate Bran’s sentence on Count III and remand.
The relationship between § 924(c) and § 924© is not insignificant — each criminalizes a firearm offense occurring during the commission of a crime of violence or a drug trafficking offense. Notwithstanding those two shared elements, § 924© has a third and independent element (conduct causing death). The penalty provisions of § 924(c) and § 924© are also distinct. Of importance in that regard, a sentence under § 924(c) must run consecutively to any *283 other sentence. See 18 U.S.C. § 924(c) (1) (D) (ii) (the “consecutive sentence mandate”). The consecutive sentence mandate applies, however, to § 924(c) offenses only, as stated therein: “no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person.” Id. (emphasis added); see United States v. Julian, 633 F.3d 1250, 1253 (11th Cir.2011) (ruling that consecutive sentence mandate not applicable to § 924(j) offense).
It is now undisputed that, on Count III, Bran was convicted of violating § 924(j), an offense resulting in death “in the course of’ a § 924(c) violation. 18 U.S.C. § 924(j).[1] The alternative punishments authorized by § 924(j) — death, life, or a term of years — do not refer to the consecutive sentence mandate. See id.[2] Because a § 924(j) offense occurs in the course of a § 924(c) violation, however, the majority rules that the consecutive sentence mandate must be applied to a § 924(j) offense to avoid an “absurd result.” Ante at 281. The majority relates that a defendant convicted under § 924(j) would otherwise “face a more lenient sentencing scheme” than one convicted under § 924(c). Id. at 282. For reasons I view as compelling, I reject the majority’s ruling.
1.
First, a § 924(j) offense is discrete from a § 924(c) offense, and must be treated accordingly. As we recognized years ago, a § 924(j) offense is a separate violation of federal law. See United States v. Johnson (Shaheem), 219 F.3d 349 (4th Cir.2000). Judge Luttig’s opinion for the Court in that case spelled out the elements of a § 924(j) offense: “(1) a drug trafficking crime committed, (2) the use of a firearm during the commission of the trafficking crime, and (3) malice aforethought in causing the death of the victim in relation to the commission of the crime.” Id. at 358 n. 7. Soon thereafter, in United States v. Robinson, Judge Wilkins’s opinion treated a § 924(j) violation in a like manner. See 275 F.3d 371, 379 (4th Cir.2001).
Nevertheless, the majority argues that its ruling today — that the consecutive sentencing mandate applies to a § 924(j) offense — garners support from four of our sister circuits. Those decisions, however, analyzed the relationship between § 924(c) and § 924(j) in a fundamentally different manner than does the majority. Two of those courts ruled that § 924(j) is a sentencing factor only, and not a separate offense. See United States v. Battle, 289 F.3d 661, 667 (10th Cir.2002) (“Section 924(j) does not set forth a discrete crime.”); United States v. Allen, 247 F.3d 741, 769 (8th Cir.2001) (concluding that “ § 924(j) is fairly interpreted as an addi *284 tional aggravating punishment for the scheme already set out in § 924(c)”). Two other courts of appeals failed to definitively resolve the discrete offense issue. See United States v. Berrios, 676 F.3d 118, 140 (3d Cir.2012) (“Although the government concedes that § 924© establishes a discrete crime from § 924(c), this has no bearing on our decision.”); see also United States v. Young, 561 Fed.Appx. 85, 94 (2d Cir.2014) (unpublished) (observing that § 924© “likely indicates that it is a standalone offense”), cert. denied, — U.S. -, 135 S.Ct. 387, 190 L.Ed.2d 273 (2014).
My position in this regard is simple. I would apply the reasoning of the Eleventh Circuit in Julian, which is consistent with our decisions in Johnson (Shaheem) and Robinson. See 633 F.3d at 1254. That is, § 924© constitutes a discrete offense from § 924(c), and thus can only be punished under § 924©.
2.
The foregoing discussion leads to my second point: Because § 924© is a discrete offense from a § 924(c) violation, a sentence under § 924© does not produce an absurd result. And, absent an express statutory mandate to the contrary, a federal criminal offense does not require either a concurrent or a consecutive sentence. That decision with respect to sentencing is reserved to the discretion of the district court. See 18 U.S.C. § 3584(a) (“Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively.”); see also United States v. Johnson (Keith), 138 F.3d 115, 119 (4th Cir.1998) (determining that § 3584(a) “gives district courts discretion in choosing concurrent or consecutive terms of imprisonment”). Nonetheless, the majority cites the Supreme Court as foreclosing application of the plain text of § 924©. Ante at 281 (citing Lamie v. United States Trustee, 540 U.S. 526, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004)). In its Lamie decision, however, the Court carefully emphasized that “[i]t is well established that “when the statute’s language is plain, the sole function of the courts — at least where the disposition required by the text is not absurd — is to enforce it according to its terms.’ ” Lamie, 540 U.S. at 534, 124 S.Ct. 1023 (quoting Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000)). Because § 924© does not require a particular disposition, we should simply enforce its plain terms.
In any event, applying the plain terms of § 924© does not produce an absurd result. As the government conceded at oral argument, the potential availability of a death penalty is the reason a prosecutor would pursue a charge under § 924©. See Julian, 633 F.3d at 1256 (“The main point of section 924© is to extend the death penalty to second-degree murders that occur in the course of violations of section 924(c).”). To me, it defies common sense to contend that a death sentence for a § 924© offense creates a more lenient sentencing scheme than a non-death sentence under § 924(c).[3] Similarly, I readily reject the majority’s contention that § 924© creates “perverse incentives” for an aspiring criminal. Ante at 282-83. To the contrary, a person contemplating commission of a § 924(c) offense is not likely to commit murder merely to avoid the consecutive sentence mandate.
*285 On this record, we are obliged to presume that Congress properly assessed each of the foregoing considerations when it enacted § 924(j). See Russello v. United States, 464 U.S. 16, 23, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983) (“Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.”) (brackets omitted). Rather than second-guess Congress and judicially amend § 924(j) to include the consecutive sentence mandate, I would simply rule that § 924(j) — rather than § 924(c) — controls Bran’s sentence for the § 924 offense in Count III.
Pursuant to the foregoing, I would vacate Bran’s consecutive life sentence on Count III and remand. The sentencing court should be entitled to exercise its informed discretion, pursuant to 18 U.S.C. § 3584, to impose a sentence on Count III that is either consecutive or concurrent.
I respectfully dissent.

. Prior to oral argument, Bran and the prosecution disagreed over whether Bran had been convicted of a § 924(c) offense or a § 924(j) offense. That issue traced to the duplicitous indictment in this case, which alleged § 924(c) and § 924(j) offenses in a single count — Count III. In briefing, Bran challenged his Count III conviction on the ground that the jury had acquitted him of the § 924(j) offense and convicted him of violating § 924(c) only. At oral argument, Bran abandoned that position and agreed that he was convicted under § 924(j).

. Pursuant to § 924(j) of Title 18:
A person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm, shall—
(1) if the killing is a murder (as defined in [18 U.S.C. § ] 1111), be punished by death or by imprisonment for any term of years or for life.
(2) if the killing is manslaughter (as defined in [18 U.S.C. § ] 1112), be punished as provided in that section.
18 U.S.C. § 924(j).

. I note that the death penalty is potentially available under § 924(c)(5) for causing death by use of armor piercing ammunition. See 18 U.S.C. § 924(c)(5)(B)(i). Bran, however, was not charged with any such offense.