NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Argued April 18, 2018
Decided April 23, 2018

Before

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

| | |
|---|---|
| No. 17-2774 | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | |
| *v.* | |
| ERIC DILLON, *Defendant-Appellant.* | No. 2:16-CR-27 Philip P. Simon, *Judge.* |

**Order**

While robbing a convenience store, Eric Dillon gratuitously shot a cashier, who died. He was prosecuted for violating the Hobbs Act, 18 U.S.C. §1951, and committing murder with a firearm during a crime of violence, 18 U.S.C. §924(j)(1). After pleading guilty to these charges, Dillon was sentenced to 510 months' imprisonment.

The presentence report concluded that a person convicted of violating §924(j) must be sentenced to at least 10 years in prison, which must run consecutively to any other sentence (such as the one for violating the Hobbs Act). Section 924(j) makes it a crime to kill someone in the course of committing acts that violate §924(c), which has a 10-year

minimum sentence for discharging a firearm during a crime of violence. The PSR concluded that, by incorporating the elements of subsection (c), subsection (j) absorbed its penalty as well—even though §924(j)(1) says that if the killing is murder (as opposed to manslaughter) then the punishment is "death or … imprisonment for any term of years or for life".

One court of appeals has held that §924(j) does not have a 10-year minimum. See *United States v. Julian*, 633 F.3d 1250 (11th Cir. 2011). Other courts of appeals disagree. See, e.g., *United States v. Berrios*, 676 F.3d 118, 140–44 (3d Cir. 2012); *United States v. Bran*, 776 F.3d 276, 281–82 (4th Cir. 2015); *United States v. Dinwiddie*, 618 F.3d 821, 837 (8th Cir. 2010); *United States v. Battle*, 289 F.3d 661, 665–69 (10th Cir. 2002). The district judge said that he was persuaded by the majority view. But he also said that the issue (which also potentially affected grouping under the Sentencing Guidelines) did not matter:

> [E]ven if I'm incorrect in the way I have calculated the sentencing guidelines or even if I'm incorrect in the 924(j) having to be consecutive to the Hobbs Act robbery conviction, the sentence that I'm about to announce is precisely the sentence that I would have arrived at in any event because I think it is a just sentence irrespective of whether I precisely calculated the guidelines and, again, irrespective of whether 924(j) has to be consecutive or concurrent. I view that as, frankly, an academic exercise … .

We have encouraged sentencing judges to state on the record whether the resolution of disputed issues affects the punishment and have held that a statement of irrelevance means that we need not engage in what this judge called an "academic exercise". See, e.g., *United States v. Snyder*, 865 F.3d 490, 500–01 (7th Cir. 2017) (collecting cases). See also *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346–47 (2016). The judge made such a statement here, and we have no reason to doubt that questions about the relation between §924(c) and §924(j) are indeed irrelevant to the sentence. Because §924(j)(1) authorizes "any term of years," a sentence of 510 months is lawful whether or not the two counts are grouped, whether or not the minimum sentence under §924(j) is 120 months, and whether or not the §924(j) sentence must run consecutively to the §1951 sentence—which per *Dean v. United States*, 137 S. Ct. 1170 (2017), could be as low as zero.

At oral argument Dillon's lawyer insisted that the dispute nonetheless requires appellate resolution, because the PSR's statements may affect his treatment in prison or his likelihood of receiving clemency. But Fed. R. Crim. P. 32(i)(3)(B) tells us that a dispute about the PSR need not be resolved if the judge states on the record that the PSR's statements will not be relied on because the topic does not affect the sentence. The district judge stated exactly this and thus complied with all obligations under Rule 32(i).

Any further discussion of the legal issues is inappropriate, because they do not matter to the outcome. The judgment is

AFFIRMED.