NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0328n.06

Nos. 18-6029/6030

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Jun 27, 2019 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| DOMINIQUE CORDELL WALLACE, | ) | COURT FOR THE MIDDLE |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |

Before: MOORE, KETHLEDGE, and MURPHY, Circuit Judges.

KETHLEDGE, Circuit Judge. Dominique Wallace argues that the district court erred when it sentenced him to a consecutive term of imprisonment under 18 U.S.C § 924(j). We reject this argument and affirm.

Wallace pled guilty to two counts of Hobbs Act robbery in violation of 18 U.S.C. § 1951, three counts of being a felon in possession of a firearm or ammunition in violation of 18 U.S.C. § 922(g)(1), and one count of causing the death of another while using or carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(j). At sentencing, the district court calculated Wallace's Guidelines range to be 30 years to life imprisonment. The court ultimately sentenced Wallace to a term of 20 years' imprisonment for the robbery counts, a concurrent term of 10 years' imprisonment for the felon-in-possession counts, and a consecutive term of 10 years' imprisonment for the § 924(j) count, for a total sentence of 30 years. In doing so, the court held that a term of imprisonment imposed under § 924(j) must run consecutively to any other term of

imprisonment. We review that decision de novo. *See United States v. Shafer*, 573 F.3d 267, 272 (6th Cir. 2009).

Other circuits are divided as to whether a sentence imposed under § 924(j) must run consecutively to any other sentence. *Compare United States v. Ventura*, 742 F. App'x 575, 579 (2d Cir. 2018) (consecutive term of imprisonment required); *United States v. Berrios*, 676 F.3d 118, 140-44 (3d Cir. 2012); *United States v. Bran*, 776 F.3d 276, 281-82 (4th Cir. 2015); *United States v. Dinwiddie*, 618 F.3d 821, 837 (8th Cir. 2010); *United States v. Battle*, 289 F.3d 661, 665-69 (10th Cir. 2002), *overruled on other grounds by United States v. Melgar-Cabrera*, 892 F.3d 1053, 1060 n.3 (10th Cir. 2018), *with United States v. Julian*, 633 F.3d 1250, 1257 (11th Cir. 2011) (consecutive term of imprisonment not required). We need not resolve that question here, however, because the record makes clear that the district court "would have imposed the same sentence" regardless of its purported error. *Williams v. United States*, 503 U.S. 193, 203 (1992). Specifically, at the end of the sentencing hearing, the district court expressly stated that it "would have" imposed the same number of years' imprisonment regardless of whether § 924(j) required a consecutive term of imprisonment. Any error was therefore harmless. *See United States v. Morrison*, 852 F.3d 488, 491-92 (6th Cir. 2017).

The district court's judgment is affirmed.