18-3830-cr
*United States v. Santiago-Ortiz*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of December, two thousand nineteen.

PRESENT:     ROBERT D. SACK,
             DENNY CHIN,
             JOSEPH F. BIANCO,
                  *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

                  *Appellee,*

             v.                                          18-3830-cr

JOSE SANTIAGO-ORTIZ,

                  *Defendant-Appellant,*

JORDAN ALVAREZ,

                  *Defendant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                    SHAWN G. CROWLEY, Assistant United
                                 States Attorney (Lauren B. Schorr, George D.
                                 Turner, Anna M. Skotko, Assistant United
                                 States Attorneys, *on the brief), for* Geoffrey S.

Berman, United States Attorney for the Southern District of New York, New York, New York.

FOR DEFENDANT-APPELLANT:    LUCAS ANDERSON, Rothman, Schneider, Soloway & Stern, LLP, New York, New York (Harvey Fishbein, New York, New York, *on the brief*).

Appeal from the United States District Court for the Southern District of New York (Kaplan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-appellant Jose Santiago-Ortiz appeals from a judgment entered December 20, 2018, following a jury trial, convicting him of: (1) murder in aid of racketeering, in violation of 18 U.S.C. §§ 1959(a)(1) and (2); (2) murder while engaged in a narcotics conspiracy, in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2; (3) conspiring to distribute, and possess with intent to distribute, one kilogram or more of heroin, in violation of 21 U.S.C. § 846; (4) murder through use of a firearm, in violation of 18 U.S.C. § 924(j); and (5) using, carrying, and possessing firearms during and in relation to a narcotics trafficking conspiracy, in violation of 18 U.S.C. §§ 924(c) and 2. The district court sentenced Santiago-Ortiz to life imprisonment on all five counts, followed by five years of supervised release, and imposed a $500 mandatory special assessment.

2

On appeal, Santiago-Ortiz argues that (1) the evidence was insufficient to support his convictions on counts one, two, and four, (2) the district court abused its discretion in admitting a hearsay statement of Santiago-Ortiz's drug supplier Ramon Cruz, (3) the indictment charged multiplicitous counts in violation of the Fifth Amendment's Double Jeopardy Clause, and (4) his sentence was substantively and procedurally unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

## DISCUSSION

1. *Insufficiency of the Evidence*

Santiago-Ortiz argues that there was insufficient evidence to convict him on counts one, two, and four because each of those counts required the government to prove a connection between the murder of Jerry Tide and Santiago-Ortiz's involvement in the charged drug conspiracy, and the government failed to do so. We review a challenge to the sufficiency of the evidence *de novo*, "view[ing] the evidence in the light most favorable to the government, crediting every inference that could have been drawn in the government's favor, and deferring to the jury's assessment of witness credibility and its assessment of the weight of the evidence." *United States v. Lebedev*, 932 F.3d 40, 48 (2d Cir. 2019). "A judgment of conviction will be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable

3

doubt." *United States v. Tanner*, 942 F.3d 60, 64 (2d Cir. 2019) (internal quotation mark and emphasis omitted).

There was sufficient evidence to support Santiago-Ortiz's convictions on all three counts. The evidence at trial established that between 2010 and 2015, Santiago-Ortiz was the leader of a violent drug-trafficking organization that sold heroin stamped "Flow" in the Bronx, New York. Approximately six months before Santiago-Ortiz shot and killed Tide, his brother, Santiago, got into an altercation with Tide that left Santiago with a laceration on his face from a glass bottle. The day of the shooting, Santiago asked Tide if he "remember[ed] what [he] did to [Santiago's] face," App'x at 57, and ordered Santiago-Ortiz to "handle him," App'x at 61. Santiago-Ortiz then shot and killed Tide. Relying on these facts, Santiago-Ortiz argues that Tide's murder was committed solely in retaliation for the slashing of his brother's face and bore no connection to the drug conspiracy.

The evidence also established, however, that Tide's murder was a critical turning point for the Flow heroin organization. Prior to Tide's murder, Santiago-Ortiz and his brother competed with rival drug dealers for control of the Flow heroin market. On the day the shooting occurred, Santiago-Ortiz and his brother encountered Tide, left to arm themselves, and returned with Cruz, who then became a participant in and witness to the murder. After the murder, Cruz "consolidated the operation," App'x at 291, and made Santiago-Ortiz his sole distributor of Flow heroin in the area, vastly

4

increasing the organization's profits. Multiple members of the conspiracy attributed this success to the respect Santiago-Ortiz commanded on the street. Indeed, as soon as Santiago-Ortiz was incarcerated in 2014, sales decreased, and rival dealers began to encroach on the organization's territory.

Based on this evidence, a rational juror could have concluded that Santiago-Ortiz murdered Tide, at least in part, to earn Cruz's respect and establish his authority within the neighborhood, furthering the goals of the Flow heroin conspiracy. Hence, the evidence was sufficient to support Santiago-Ortiz's conviction on counts one, two, and four.[1]

### 2. *Hearsay Statement*

Santiago-Ortiz also argues that the district court erred in admitting a hearsay statement of Cruz, his drug supplier and co-conspirator. We review a district court's decision to admit evidence for abuse of discretion, *United States v. Spoor*, 904 F.3d 141, 153 (2d Cir. 2018), and we will reverse "only where the decision to admit or exclude

---

[1]    *See United States v. Vernace*, 811 F.3d 609, 616-17 (2d Cir. 2016) (emphasis omitted) (finding a murder sufficiently related to a charged RICO conspiracy where "the shootings . . . stemmed from a personal dispute," but was committed by a member of a criminal enterprise who was seeking to "further his own reputation . . . [and] more effectively carry out the activities" of the crime family); *United States v. Desinor*, 525 F.3d 193, 202 (2d Cir. 2008) (emphasis omitted) (holding "the government need only prove beyond a reasonable doubt that one motive for the killing . . . was related to the drug conspiracy" to satisfy the "engaging in" element of 21 U.S.C. § 848(e)(1)(A)).

evidence was manifestly erroneous," *United States v. Williams*, 930 F.3d 44, 58 (2d Cir. 2019) (internal quotation marks omitted).

The contested statements came from a recorded call between Cruz and his supplier Neil Lizardi in 2015, approximately five years after Tide's murder. In the call, Cruz discusses his own motivations for participating in the murder, as well as his understanding of Santiago-Ortiz's and Santiago's motivations, stating:

> They did it to prove to me that they meant business and I did it for the same reason. I did the same for the same reason because that's around the time we were getting to know each other, even there. We, we, we -- that's when we became closer. Do you understand?
>
> . . .
>
> But they did that to show me that they were daring because before that there was a guy who owed me money and they jumped him. That's why this pig never came by Hughes to mess around. Why if he is so daring he doesn't go to Hughes? Because he knows that those people would do anything for me.

App'x at 327.

Over Santiago-Ortiz's objections, the district court admitted these statements after holding that, with two exceptions, they constituted admissible co-conspirator statements under Federal Rule of Evidence ("FRE") 801(d)(2)(E). The district court determined that the statements "[t]hey did it to prove to me that they meant business" and "they did that to show me that they were daring" were not co-conspirator statements and therefore could not be admitted for their truth on that basis.

Nonetheless, the district court held that these statements gave context to the admissible portions of Cruz's statement and admitted them for that limited purpose, accompanied by a limiting instruction that was reiterated in the jury charge following summations.[2]

The district court did not abuse its discretion in admitting Cruz's two out-of-court statements to provide context for his statement that "I did the same for the same reason," App'x at 327, that is, for the same reason that Santiago-Cruz (and his brother) killed Tide, *see United States v. Sorrentino*, 72 F.3d 294, 298 (2d Cir. 1995). Santiago-Ortiz focuses his argument chiefly on FRE 803, arguing that even if the statements were admissible for context, they nonetheless should have been omitted because there was such a high likelihood of prejudice.

While we have found error where highly prejudicial evidence was admitted for a non-hearsay purpose, *see United States v. Reyes*, 18 F.3d 65, 67-68 (2d Cir. 1994), there was no error here. In *Reyes*, we held that the district court erred in admitting evidence for the non-hearsay purpose of explaining an agent's state of mind because we found that the agent's state of mind was "probably not relevant and was certainly not important to any issue properly in the trial." *Id.* at 71. Here, by contrast, there can be no dispute that the evidence was relevant. Cruz was a participant in Tide's

---

[2]     Immediately after the jury heard the recorded call, the district court told the jurors: "you may not consider [the statements] in determining why the defendant murdered Jerry Tide if, in fact, he did so." App'x at 328. In the jury charge, the district court reminded the jurors of the previous instruction stating: "I instructed that you may not consider those portions of [the] statements . . . in determining why the defendant murdered Jerry Tide." App'x at 462.

murder and was also Santiago-Ortiz's supplier of Flow heroin. As a co-conspirator, Cruz's statements were directly relevant to the existence and purpose of the racketeering enterprise alleged in count one and the conspiracy alleged in count three. Moreover, the district court twice provided a clear limiting instruction, and the jury is presumed to have followed it. *See United States v. Downing*, 297 F.3d 52, 59 (2d Cir. 2002). Against this backdrop, the potential for prejudice did not outweigh the probative value of the evidence, and there was no abuse of discretion.

### 3. *Multiplicitous Counts*

Santiago-Ortiz argues for the first time on appeal that his conviction violates the Fifth Amendment's Double Jeopardy Clause because count three of the indictment is a lesser included offense of count two and count five is a lesser included offense of count four. This argument is waived. Pursuant to Federal Rule of Criminal Procedure 12(b)(3), a defendant must raise arguments based on defects in the indictment, including "charging the same offense in more than one count (multiplicity)," by pretrial motion "if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." *See also United States v. Chacko*, 169 F.3d 140, 145 (2d Cir. 1999). In this case, the indictment was returned over a year before Santiago-Ortiz's case went to trial, and any purported defect in the indictment would have been apparent well before trial. Thus, Santiago-Ortiz waived this challenge by failing to raise it before, during, or after trial in the district court.

**4.**         *Reasonableness of the Sentence*

Santiago-Ortiz's final argument is that his sentence was procedurally and substantively unreasonable. A sentence is procedurally unreasonable where the district court "fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the [18 U.S.C.] § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Degroate*, 940 F.3d 167, 174 (2d Cir. 2019). Procedural objections raised for the first time on appeal are reviewed for plain error, which requires a showing that: "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the [defendant's] substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

Santiago-Ortiz argues for the first time on appeal that the district court erred by holding that his conviction under 18 U.S.C. § 924(j) triggered a mandatory, consecutive sentence. While we have not squarely addressed this question in a precedential opinion, four of the five circuits to have considered Santiago-Ortiz's argument have rejected it as inconsistent with the text of the statute and the purpose of

9

the statutory scheme.[3]  Even construing the question as unsettled, Santiago-Ortiz's

argument fails because he cannot demonstrate plain error.  *See United States v. Marcus*,

560 U.S. 258, 262 (2010).  Moreover, Santiago-Ortiz received a life sentence on each of

the five counts.

Santiago-Ortiz's argument that the sentence of life imprisonment on

counts two through five was substantively unreasonable is similarly without merit.  We

review the substantive reasonableness of a district court's sentence for abuse of

discretion and will find a sentence unreasonable where "it cannot be located within the

range of permissible decisions." *Degroate*, 940 F.3d at 174 (internal quotation marks

omitted).  Our review for substantive unreasonableness is particularly deferential, and a

sentence will not be set aside unless it is "so shockingly high, shockingly low, or

otherwise unsupportable as a matter of law that allowing [it] to stand would damage

the administration of justice." *Id.* (internal quotation marks omitted).

The district court carefully considered the sentencing factors, including

Santiago-Ortiz's age, difficult upbringing, and the letter he submitted on the eve of

---

[3]  We have held that Section 924(j) triggers a mandatory consecutive sentence in a non-precedential summary order. *See United States v. Young*, 561 F. App'x 85, 93 (2d Cir. 2014).  The Third, Fourth, Eighth and Tenth Circuits have also rejected Santiago-Ortiz's interpretation, while the Eleventh Circuit has adopted it.  *See United States v. Bran*, 776 F.3d 276, 282 (4th Cir. 2015); *United States v. Berrios*, 676 F.3d 118, 140 (3d Cir. 2012); *United States v. Allen*, 247 F.3d 741, 769 (8th Cir. 2001); *United States v. Battle*, 289 F.3d 661, 666 (10th Cir. 2002); *accord United States v. Charley*, 417 F. App'x 627, 629 (9th Cir. 2011); *but see United States v. Julian*, 633 F.3d 1250, 1253 (11th Cir. 2011).

sentencing.  Nonetheless, Santiago-Ortiz led a large-scale heroin operation for some five years and killed Tide, shooting him nine times.  The "senseless and vicious" nature of the murder, along with Santiago-Ortiz's "angry, arrogant, and defiant" demeanor at trial -- including a time when he "leapt out of his seat . . . [in an] escape attempt," App'x at 479-80 -- convinced the district court that Santiago Ortiz's dangerousness outweighed the other sentencing considerations in this instance.  That determination falls within the range of permissible decisions and we find no basis to disturb it on appeal.[4]

*   *   *

We have considered Santiago-Ortiz's remaining arguments and conclude they are without merit.  For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[4] Notably, the Sentencing Guidelines range for Santiago-Ortiz's convictions under each of counts two and three was life imprisonment, *see* PSR ¶ 90, further underscoring the reasonableness of the district court's sentence as to those counts. *See Rita v. United States*, 551 U.S. 338, 347 (2007).