**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4769**

UNITED STATES OF AMERICA,

 Plaintiff – Appellee,

 v.

RICHARD ALAN BLANK, JR.,

 Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. William D. Quarles, Jr., District Judge. (1:14-cr-00448-WDQ-1)

Submitted: August 19, 2016        Decided: August 30, 2016

Before NIEMEYER, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Joanna Silver, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Judson T. Mihok, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Alan Blank, Jr., was convicted of two counts of producing child pornography, 18 U.S.C. § 2251(a) (2012) (Counts One and Two), and one count of possession of child pornography, 18 U.S.C. § 2252A(a)(5)(B) (2012) (Count Three). He was sentenced to 360 months in prison. Blank now appeals his convictions on Counts One and Two, claiming that there was insufficient evidence to convict him. We affirm.

We will sustain a jury's verdict "if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Bran, 776 F.3d 276, 279 (4th Cir. 2015), cert. denied, 136 S. Ct. 722 (2016). "Substantial evidence is that evidence which a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Al Sabahi, 719 F.3d 305, 311 (4th Cir. 2012) (internal quotation marks omitted). In conducting this analysis, "circumstantial evidence is treated no differently than direct evidence, and may be sufficient to support a guilty verdict even though it does not exclude every reasonable hypothesis consistent with innocence." United States v. Jackson, 863 F.2d 1168, 1173 (4th Cir. 1989). We do not review the credibility of the witnesses, and we assume that the jury resolved all contradictions in testimony in favor

2

of the Government.  United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998).  Reversal of a conviction on grounds of insufficient evidence "is confined to cases where the prosecution's failure is clear."  Burks v. United States, 437 U.S. 1, 17 (1978).

The relevant statute provides:

> Any person who employs, uses, persuades, induces, entices or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct . . . shall be punished as provided under subsection (e) . . . if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means. . . .

18 U.S.C. § 2251(a).

The statute "contains a specific intent element: the government [is] required to prove that production of a visual depiction was a purpose of engaging in the sexually explicit conduct."  United States v. Palomino-Coronado, 805 F.3d 127, 130 (4th Cir. 2015).  In Palomino-Coronado, we stated:

> a defendant must engage in the sexual activity with the specific intent to produce a visual depiction; it is not sufficient simply to prove that the defendant purposefully took a picture. Nonetheless, courts do not require that a defendant be single-minded in his purpose to support a conviction under § 2251(a).

Id. at 131.

Among the factors indicative of the requisite purpose are: the defendant's concealing from the victim the fact that he was

3

photographing or videotaping her; the defendant's giving instructions concerning positions he wanted the victim to assume and things he wanted her to say while he recorded or photographed their activities; whether there were a number of sexually explicit recordings or photographs; and whether there was "purposeful conduct" surrounding the photographic or video equipment used. Id. at 131-32.

We reject Blank's claim that there was insufficient evidence of the requisite intent and conclude that "a purpose" of Blank's sexual activity with the minor was to produce child pornography. Over a 12-13 minute period during an hour-long sexual encounter, Blank instructed the victim how he wanted her to pose for photographs. He took four photos of her buttocks and anus during this time. Blank showed the photos to the victim immediately after taking them and again late that afternoon, referring to her as "little miss porn star." Over the next 24-48 hours, both the victim and her mother saw Blank surreptitiously looking at his phone during this time, suggesting that he was viewing the photographs. He deleted the images before he handed the phone to his wife.

Further, Blank's activity leading up to this encounter suggests that a purpose of the encounter was to produce child pornography. Two days before he took the photographs, Blank asked the victim several times to allow him to take photographs

4

of them while they engaged in anal intercourse.  The victim refused each time.

We hold that the evidence was sufficient to convict Blank, and we affirm.  We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>