EDITH BROWN. CLEMENT, Circuit Judge,
dissenting as to Part III A:
The jury found Castillo; Gonzales, and Paredes guilty of murder in connection with using a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(j). The majority’s decision to vacate the Section 924(j) convictions ignores the jury’s general verdicts of guilty. See United States v. Bran, 776 F.3d 276, 280 (4th Cir. 2015) (explaining that “the jury’s general guilty verdict alone is sufficient to uphold [defendant’s] § 924(j) conviction”).
Musacehio v. United States, although not directly controlling, is instructive. See — U.S. -, 136 S.Ct. 709, 193 L.Ed.2d 639 (2016). The Supreme Court *360 held that “a sufficiency challenge should be assessed against the elements of the charged crime, not against the erroneously heightened command in the jury instruction.” Id. at 715. A special interrogatory requiring the jury to select a theory of liability is analogous to an additional, unnecessary element in a jury instruction. The special interrogatories here did not concern a material element of guilt, and the unnecessary inclusion of the special interrogatories imposed a heightened burden on the government. “When a jury finds guilt after being instructed on all elements of the charged crime plus one more element, the jury has made all the findings that due process requires.” Id. I would consider only whether there is sufficient evidence to support the general verdicts that Castillo, Gonzales, and Paredes committed murder in connection with using a firearm during a drug trafficking offense.
“Sufficiency review essentially addresses whether ‘the government’s case was so lacking that it should not have even been submitted to the jury.’ ” Id. (quoting Burks v. United States, 437 U.S. 1, 16, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978)). There was clearly enough evidence to submit the Section 924(j) charges to the jury. The majority concedes that “evidence exists to support Pinkerton liability for all the defendants as the murder was a foreseeable act committed in furtherance of the drug trafficking conspiracy.” There is sufficient evidence, under the theory of conspirator’s liability, to support the jury’s general verdicts of guilty. I would not vacate Castillo’s, Gonzales’s, and Paredes’s Section 924(j) convictions. Accordingly, I dissent.