**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 17-4656**

_____

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

GENNARO MATTIACCIO,

               Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, District Judge. (1:16-cr-00215-LO-1)

_____

Submitted: June 29, 2018                     Decided: July 5, 2018

_____

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Todd M. Richman, Assistant Federal Public Defenders, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Samantha Paige Bateman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Gennaro Mattiaccio of theft of government property in violation of 18 U.S.C. § 641 (2012), concealment of an event affecting the right to a Title II benefit in violation of 42 U.S.C. § 408(a)(4) (2012), and false statement for use in determining the right to a Title II benefit in violation of 42 U.S.C. § 408(a)(3) (2012). The district court sentenced Mattiaccio to 21 months' imprisonment, 3 years' supervised release, and restitution. In accordance with *Anders v. California*, 386 U.S. 738 (1967), Mattiaccio's counsel has filed a brief certifying that there are no meritorious grounds for appeal but raises for the court's consideration whether the evidence sufficiently established that the offenses occurred in the Eastern District of Virginia, and whether enhancement under the Sentencing Guidelines for obstruction of justice was unreasonable. Mattiaccio submitted a pro se brief raising several issues. The Government did not file a brief. We affirm.

"We review a challenge to the sufficiency of the evidence de novo, and . . . must sustain the verdict if there is substantial evidence, viewed in the light most favorable to the government, to support it." *United States v. Bran*, 776 F.3d 276, 279 (4th Cir. 2015) (citation omitted). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Edlind*, 887 F.3d 166, 172 (4th Cir. 2018) (internal quotation marks omitted). "A defendant bringing a sufficiency challenge must overcome a heavy burden, and reversal for insufficiency must be confined to cases where the prosecution's failure is clear." *Id.* (citation and internal quotation marks omitted).

Mattiaccio contends that he preserved his challenge to the district court's venue by making a general motion for a judgment of acquittal at the close of the Government's case. We have noted that venue is not an offense element. *See United States v. Engle*, 676 F.3d 405, 412 (4th Cir. 2012). Additionally, we have held that a challenge to venue is waived and unreviewable when a defendant raises it for the first time in a post-trial motion for acquittal. *See, e.g., United States v. Delfino*, 510 F.3d 468, 473 n.2 (4th Cir. 2007) (noting that because venue was raised in posttrial motion for judgment of acquittal and/or new trial, it was untimely and waived). Further, a bare motion for acquittal that does not mention venue waives the venue argument. *See United States v. Knox*, 540 F.3d 708, 716 (7th Cir. 2008). Accordingly, Mattiaccio's failure to specifically raise the issue of venue in the district court waives appellate review. Also, Mattiaccio's claims in his pro se brief challenging the sufficiency of the evidence are without merit.

We review a sentence, "whether inside, just outside, or significantly outside the Guidelines range[,] under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, selected a sentence based on facts that were not clearly erroneous, and sufficiently explained the selected sentence. *Id.* at 49-51.

Only after determining that the sentence is procedurally reasonable will we consider its substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.*

3

at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

The obstruction of justice enhancement applies whenever "the defendant willfully obstructed or impeded . . . the administration of justice with respect to the investigation . . . of the instant offense of conviction, and . . . the obstructive conduct related to . . . the defendant's offense of conviction and any relevant conduct . . . ." U.S. Sentencing Guidelines Manual § 3C1.1 (2016). "In order to have acted willfully within the meaning of § 3C1.1, a defendant must consciously act with the purpose of obstructing justice." *United States v. Thorson*, 633 F.3d 312, 330 (4th Cir. 2011) (brackets and internal quotation marks omitted). The Government bears the burden of proving by a preponderance of the evidence that the enhancement should be applied. *United States v. Steffen*, 741 F.3d 411, 414 (4th Cir. 2013). This court reviews the district court's factual determinations for clear error. *Id.* Clear error occurs when, after reviewing all the evidence, we are "left with the definite and firm conviction that a mistake has been committed." *United States v. Martinez-Melgar*, 591 F.3d 733, 738 (4th Cir. 2010). After reviewing the record, we conclude that the district court did not err in finding that Mattiaccio obstructed justice. We further conclude that the district court imposed a procedurally and substantially reasonable sentence. We have considered Mattiaccio's remaining arguments in his pro se brief and conclude that they are without merit.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Mattiaccio's conviction and sentence. This court requires that counsel inform Mattiaccio, in writing, of the right to petition the Supreme Court of the United States for further review. If Mattiaccio requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Mattiaccio.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*