**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4560**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

JOHN TIMOTHY CANNON, a/k/a Mr JT,

                Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Joseph F. Anderson, Jr., Senior District Judge.  (3:14-cr-00430-JFA-4)

Submitted:  June 18, 2018                             Decided:  July 10, 2018

Before GREGORY, Chief Judge, and TRAXLER and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Aimee J. Zmroczek, A.J.Z. LAW FIRM, LLC, Columbia, South Carolina, for Appellant. Beth Drake, United States Attorney, Jimmie Ewing, William Kenneth Witherspoon, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Timothy Cannon was convicted following a jury trial of conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 (2012), and 4 counts of use of a communication in furtherance of a controlled substance offense, in violation of 21 U.S.C. § 843(b) (2012) and 18 U.S.C. § 2 (2012). The district court sentenced Cannon to 224 months' imprisonment. Cannon appeals, raising various challenges to his convictions and sentence. We affirm.

I

Cannon argues that the district court abused its discretion in denying his pretrial motion for a reliability hearing. Cannon's opening brief merely incorporates by reference his district court pleadings, a tactic of which we have disapproved. *See* Fed. R. App. P. 28(a)(8)(A); *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 607 (4th Cir. 2009); *McCarver v. Lee*, 221 F.3d 583, 588 n.1 (4th Cir. 2000). In any event, we easily conclude that the district court committed no error in this regard. We are cognizant of the dangers of compensated informant testimony and the credibility concerns attendant to testimony obtained in exchange for sentencing considerations. *See United States v. Garcia-Lagunas*, 835 F.3d 479, 489 (4th Cir. 2016), *cert. denied*, 137 S. Ct. 713 (2017); *United States v. Levenite*, 277 F.3d 454, 462-63 (4th Cir. 2002). But Cannon identifies no authority requiring, or even authorizing, the pretrial reliability hearing he requests.[1]

---

[1] The authority on which Cannon relies reaches an opposite or a far narrower holding than the conclusion he asks us to reach. *See Dodd v. State*, 993 P.2d 778, 784 (Okla. Crim. App. 2000) (declining to require hearing as intrusive on jury's function); (Continued)

We conclude the district court did not err in declining to impinge on the jury's function in this manner. *Cf. United States v. Palacios*, 677 F.3d 234, 248 (4th Cir. 2012) ("Determinations of credibility are within the sole province of the jury and are not susceptible to judicial review." (alteration and internal quotation marks omitted)).

## II

Cannon next raises several evidentiary challenges. "We review a district court's evidentiary rulings for abuse of discretion." *United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017). Reversal is warranted only if, considering the relevant law and facts, the district court's determination "was arbitrary or irrational." *United States v. Faulls*, 821 F.3d 502, 508 (4th Cir. 2016) (internal quotation marks omitted). We review evidentiary rulings for harmless error and will not reverse if we can "say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." *United States v. Cloud*, 680 F.3d 396, 401 (4th Cir. 2012) (internal quotation marks omitted). We review unpreserved evidentiary challenges for plain error. *United States v. Galloway*, 749 F.3d 238, 244 (4th Cir. 2014); *see Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (describing standard).

---

*D'Agostino v. State*, 823 P.2d 283, 285 (Nev. 1991) (per curiam) (requiring reliability hearing in penalty phase of capital trial to admit informant's testimony regarding defendant's admissions of past homicides).

Cannon contends that the district court abused its discretion in allowing Agent Brian Jones, a lay witness, to effectively provide expert opinion testimony by interpreting the contents of Cannon's wiretapped calls and identifying certain quantities of cocaine as "seller" quantities. Because Cannon did not raise this specific objection in the district court, we review for plain error. *See Molina-Martinez,* 136 S. Ct. at 1343.

"A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise," so long as the expert's specialized knowledge will assist the trier of fact in understanding the evidence or determining a fact at issue and the testimony is sufficiently reliable. Fed. R. Evid. 702. Lay witness opinion testimony must be "rationally based on the witness' perception," rather than "scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(a), (c); *see United States v. Johnson*, 617 F.3d 286, 292-93 (4th Cir. 2010) (discussing distinction).

Generally, "testimony regarding a witness's understanding of what the defendant meant by certain statements is permissible lay testimony, so long as the witness's understanding is predicated on his knowledge and participation in the conversation." *United States v. Hassan*, 742 F.3d 104, 136 (4th Cir. 2014). Although a court may properly qualify a law enforcement officer as an expert capable of interpreting coded drug conversations, the officer must both qualify as an expert based on his experience and demonstrate that his interpretation is based on reliable methods that were reliably applied to the facts at issue. *Galloway*, 749 F.3d at 245; *See United States v. Wilson*, 484 F.3d 267, 276-77 (4th Cir. 2007).

4

Although Agent Jones was not a participant to the calls at issue and did not explain his methodology, participants to those calls and messages also testified as to their content, providing an explanation entirely consistent with Agent Jones' testimony. The court also provided limiting instructions to the jury regarding the appropriate use of Agent Jones' testimony. Even assuming, without deciding, that the district court plainly erred in allowing Agent Jones to interpret the content of the telephone calls and text messages introduced at trial, we conclude that any such error did not affect Cannon's substantial rights. *See Molina-Martinez*, 136 S. Ct. at 1343 (requiring appellant to demonstrate "a reasonable probability that, but for the error, the outcome of the proceeding would have been different" (internal quotation marks omitted)).

Cannon also contends that the district court erroneously admitted the Government's summary chart of the conspiracy. "The admission of summary charts will not be overturned on appeal unless [the] decision is shown to be arbitrary or irrational." *United States v. Loayza*, 107 F.3d 257, 264 (4th Cir. 1997) (internal quotation marks omitted). Under Fed. R. Evid. 611(a), the Government may use charts and other illustrative devices so long as they assist the jury in understanding the evidence presented. *See United States v. Johnson*, 54 F.3d 1150, 1157-61 (4th Cir. 1995) (describing test). Contrary to Cannon's assertion, the Government's chart did not contain impermissible hearsay. *See* Fed. R. Evid. 801(a), (c). Our review of the chart and associated trial testimony reveals no abuse of discretion in its admission.

Cannon further challenges the admission of text messages between Cannon's alleged coconspirator and another individual, contending that these messages were

5

inadmissible hearsay and violated the Confrontation Clause.  A statement is not hearsay if it is "offered against an opposing party and . . . was made by the party's coconspirator during and in furtherance of the conspiracy."  Fed. R. Evid. 801(d)(2)(E); *see United States v. Ayala*, 601 F.3d 256, 267-68 (4th Cir. 2010) (describing test).  "A statement by a co-conspirator is made in furtherance of a conspiracy if it was intended to promote the conspiracy's objectives, whether or not it actually has that effect."  *United States v. Graham*, 711 F.3d 445, 453 (4th Cir. 2013) (internal quotation marks omitted).  In view of the testimony of the coconspirator who sent the text messages and the evidence of the conspiracy as a whole, we conclude that the messages were admissible under Rule 801(d)(2)(E).  They also do not run afoul of the Confrontation Clause, as they are not testimonial statements.  *See United States v. Alvarado*, 816 F.3d 242, 251-52 (4th Cir. 2016); *United States v. Dargan*, 738 F.3d 643, 650 (4th Cir. 2013).

III

Cannon next argues that the district court abused its discretion, and produced a fatal variance, by denying his request for a jury instruction on multiple conspiracies. Cannon relatedly argues that the district court erred in denying his motion for judgment of acquittal, as the evidence at trial established multiple conspiracies and failed to demonstrate more than a buyer-seller relationship between Cannon and his alleged coconspirators.

We review the district court's denial of a proposed jury instruction for abuse of discretion.  *United States v. Sonmez*, 777 F.3d 684, 688 (4th Cir. 2015); *see United States v. Savage*, 885 F.3d 212, 223 (4th Cir. 2018).  "An impermissible constructive

6

amendment—also referred to as a fatal variance—occurs when the government, usually through its presentation of evidence or argument, or the district court, usually through its jury instructions, broadens the possible bases for conviction beyond those presented by the grand jury." *United States v. Moore*, 810 F.3d 932, 936 (4th Cir. 2016) (internal quotation marks omitted).

"A multiple conspiracy instruction is not required unless the proof at trial demonstrates that [the defendant was] involved only in [a] separate conspirac[y] unrelated to the overall conspiracy charged in the indictment." *United States v. Squillacote*, 221 F.3d 542, 574 (4th Cir. 2000). The failure to give a multiple conspiracies instruction is reversible error only where "the evidence of multiple conspiracies was so strong in relation to that of a single conspiracy that the jury probably would have acquitted on the conspiracy count had it been given a cautionary multiple-conspiracy instruction." *United States v. Bartko*, 728 F.3d 327, 345 (4th Cir. 2013) (internal quotation marks omitted).

"We review a challenge to the sufficiency of the evidence de novo, and . . . must sustain the verdict if there is substantial evidence, viewed in the light most favorable to the government, to support it." *United States v. Bran*, 776 F.3d 276, 279 (4th Cir. 2015) (citations omitted). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Edlind*, 887 F.3d 166, 172 (4th Cir. 2018) (internal quotation marks omitted). "A defendant bringing a sufficiency challenge must overcome a heavy burden," as reversal is "confined to cases where the prosecution's

7

failure is clear." *United States v. Palomino-Coronado*, 805 F.3d 127, 130 (4th Cir. 2015) (internal quotation marks omitted).

To prove the charged drug conspiracy, "the [G]overnment was required to establish beyond a reasonable doubt that: (1) an agreement to distribute and possess cocaine with intent to distribute existed between two or more persons; (2) the defendant knew of the conspiracy; and (3) the defendant knowingly and voluntarily became a part of this conspiracy." *United States v. Hackley*, 662 F.3d 671, 678 (4th Cir. 2011) (internal quotation marks omitted). "A mere buyer-seller relationship is insufficient to support a conspiracy conviction." *United States v. Howard*, 773 F.3d 519, 525 (4th Cir. 2014). However, "evidence of continuing relationships and repeated transactions can support the finding that there was a conspiracy, especially when coupled with substantial quantities of drugs." *United States v. Reid*, 523 F.3d 310, 317 (4th Cir. 2008). "Additionally, evidence of a defendant buying or selling a substantial quantity of drugs over a short period of time is enough to raise an inference of a distribution conspiracy." *United States v. Allen*, 716 F.3d 98, 104 (4th Cir. 2013).

With respect to Cannon's multiple conspiracy challenge, it is well settled that "[w]hether there is a single conspiracy or multiple conspiracies depends upon the overlap of key actors, methods, and goals." *United States v. Nunez*, 432 F.3d 573, 578 (4th Cir. 2005). "A single conspiracy exists where there is one overall agreement, or one general business venture." *United States v. Stockton*, 349 F.3d 755, 762 (4th Cir. 2003) (internal quotation marks omitted). The fact that the drug market involves "parallel suppliers, or middlemen, or street dealers," standing alone, is insufficient to prove the existence of a

8

single conspiracy. *United States v. Harris*, 39 F.3d 1262, 1267 (4th Cir. 1994). But a single drug conspiracy exists if the defendant "was part of a loosely-knit association of members linked only by their mutual interest in sustaining the overall enterprise of catering to the ultimate demands of a particular drug consumption market." *Howard*, 773 F.3d at 526 (internal quotation marks omitted).

We have thoroughly reviewed the record and find no error on these grounds. The record amply supports Cannon's involvement in a structured conspiracy involving Antonio "Dollar Bill" Williams and the close associates who performed roles in Dollar Bill's drug organization. Cannon's recorded phone calls with Dollar Bill and other evidence of his repeated purchases of "seller" quantities demonstrated more than a mere buyer-seller relationship. And although Dollar Bill and many of his close associates ceased their participation in the conspiracy when they were arrested in 2011, Cannon himself continued the original goal of the conspiracy—catering to the demands of drug users in his specific geographic area—after Dollar Bill's arrest.

Cannon argues that no evidence established an agreement between the alleged coconspirators who participated before and after Dollar Bill's arrest. But "one may be a member of a conspiracy without knowing its full scope, or all its members, and without taking part in the full range of its activities or over the whole period of its existence." *Nunez*, 432 F.3d at 578 (internal quotation marks omitted). Several witnesses testified that Cannon effectively took over Dollar Bill's role in the community as a primary cocaine supplier to various members of the original conspiracy, using at least one of the same middlemen that Dollar Bill previously employed. Cannon himself provided a

9

common bond between the loosely associated groups, which acted in pursuit of the same overarching goal.  In view of this evidence, we conclude the district court did not abuse its discretion in denying a multiple conspiracy instruction, produced no fatal variance, and did not err in denying Cannon's motion for judgment of acquittal.

IV

Finally, Cannon challenges the district court's imposition of a statutory enhancement, Sentencing Guidelines enhancements, and criminal forfeiture based on facts not submitted to the jury.[2]  "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *see Alleyne v. United States*, 570 U.S. 99, 103 (2013) (applying *Apprendi* to facts increasing statutory mandatory minimum).   Cannon's statutory sentencing enhancement was predicated solely on the court's finding that he had at least one qualifying prior felony drug conviction.  *See* 21 U.S.C. §§ 841(b)(1)(B), 851 (2012).  The fact of a prior conviction that increases the maximum penalty for crime need not be submitted to a jury or proven beyond reasonable doubt.  *Almendarez-Torres v. United States*, 523 U.S. 224, 226 (1998); *see United States v. Bullette*, 854 F.3d 261, 264 n.2 (4th Cir. 2017) (*Almendarez-Torres* remains good law).  Similarly, neither Cannon's

---

[2] Although Cannon identifies additional sentencing challenges when listing his issues on appeal, he had forfeited appellate review of these issues by failing to develop them in his briefs.  *See Bartko*, 728 F.3d at 335 (recognizing that issue not raised in opening brief is waived).

advisory Guidelines enhancements nor his criminal forfeiture violates *Apprendi* and its progeny. *See United States v. Day*, 700 F.3d 713, 732 (4th Cir. 2012); *United States v. Benkahla*, 530 F.3d 300, 312 (4th Cir. 2008).

V

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

11