# UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-4773

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEVIN MARQUETTE BELLINGER,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Irene M. Keeley, Senior District Judge. (1:12-cr-00100-IMK-MJA-2)

Submitted: July 20, 2018                    Decided: August 10, 2018

Before AGEE, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary E. Davis, Christopher M. Davis, DAVIS & DAVIS, Washington, D.C.; L. Richard Walker, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Clarksburg, West Virginia, for Appellant. William J. Powell, United States Attorney, Wheeling, West Virginia, Andrew R. Cogar, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Marquette Bellinger was charged in 2012 with murder by a federal prisoner serving a life sentence and aiding and abetting, in violation of 18 U.S.C. §§ 2, 1111(a), 1118 (2012), and second degree murder and aiding and abetting, in violation of 18 U.S.C. §§ 2, 7(3), 1111(a) (2012). A jury convicted Bellinger of both counts in 2014, and the court sentenced him to concurrent terms of life imprisonment on each count. On appeal, this court vacated the convictions and sentence and remanded for further proceedings. *United States v. Bellinger*, 652 F. App'x 143 (4th Cir. 2016) (No. 14-4786).

At a retrial, a jury again convicted Bellinger of both counts. Bellinger filed a motion for judgment of acquittal under Fed. R. Crim. P. 29 or, alternatively, for a new trial under Fed. R. Crim. P. 33. The district court denied the motion and again imposed concurrent terms of life imprisonment. Bellinger now appeals his convictions and sentence, arguing that the evidence at trial was insufficient to support the jury's verdicts. We affirm.

We review the district court's denial of a Rule 29 motion for judgment of acquittal de novo and the district court's denial of a Rule 33 motion for a new trial for abuse of discretion. *United States v. Smith*, 451 F.3d 209, 216 (4th Cir. 2006). Where the appeal challenges the sufficiency of the evidence, we must "view the evidence in the light most favorable to the government[] and . . . sustain the jury's verdict if it is supported by substantial evidence." *United States v. Cowden*, 882 F.3d 464, 474 (4th Cir. 2018). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a

2

reasonable doubt." *United States v. Bran*, 776 F.3d 276, 279 (4th Cir. 2015). "A defendant bringing a sufficiency challenge must overcome a heavy burden, and reversal for insufficiency must be confined to cases where the prosecution's failure is clear." *United States v. Edlind*, 887 F.3d 166, 172 (4th Cir. 2018) (citations and internal quotation marks omitted), *petition for cert. filed*, __ U.S.L.W. __ (U.S. June 28, 2018) (No. 18-5028).

Bellinger argues that the evidence at trial was insufficient to support his murder convictions, as the Government failed to prove malice aforethought and failed to disprove heat of passion. At bottom, Bellinger's arguments are based on the implicit premise that the jury should have accepted as true the testimony of Bellinger and his former codefendant regarding the events leading up to, and their states of mind during, their fatal altercation with the decedent. As "it is the jury's job to determine what the defendant actually did, knew, and intended," however, "we will conclude that the evidence was sufficient to sustain the conviction as long as a rational jury, making permissible inferences, could find beyond a reasonable doubt that the elements of the counts were satisfied." *Id.* at 172 (alteration and internal quotation marks omitted).

Viewing the evidence—including the surveillance video capturing the fatal altercation—in the light most favorable to the Government, we conclude that the evidence at trial was adequate to disprove heat of passion and to support the jury's finding of malice aforethought. "We are not empowered to reweigh that evidence or to second guess the jury's credibility determinations." *United States v. Maynes*, 880 F.3d 110, 114 (4th Cir. 2018).

3

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*