**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 21-4245

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN MARSHALL HIGGINS,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of Virginia, at Lynchburg.  Norman K. Moon, Senior District Judge.  (6:18-cr-00010-NKM-1)

_____

Submitted:  October 28, 2022                    Decided:  December 13, 2022

_____

Before AGEE and RICHARDSON, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Grady W. Donaldson, Jr., SCHENKEL & DONALDSON, P.C., Lynchburg, Virginia, for Appellant.  Christopher Kavanaugh, United States Attorney, Roanoke, Virginia, Jean B. Hudson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal grand jury charged John Marshall Higgins, the former superintendent of Rockbridge Regional Jail ("RRJ") in Lexington, Virginia, with, inter alia, three counts of willfully depriving an inmate, Robert Eugene Clark, of his civil rights, in violation of 18 U.S.C. § 242; attempt and conspiracy to commit honest services fraud, in violation of 18 U.S.C. §§ 1341, 1346, 1349; and two counts of honest services fraud, in violation of 18 U.S.C. §§ 2, 1341, 1346.  After a bench trial, the district court found Higgins guilty on all of these counts, and sentenced him to 51 months' imprisonment.

On appeal, Higgins challenges the sufficiency of the evidence on all counts of conviction.  With respect to the first three counts, Higgins contends there is insufficient evidence to demonstrate that he willfully deprived Clark of his civil rights.  For the honest services fraud counts, Higgins asserts that there is insufficient evidence that he acted in his official capacity to treat an inmate at the jail preferentially in exchange for donations to a scholarship fund Higgins helped establish in memory of his nephew.  We now affirm.

We review de novo a challenge to the sufficiency of the evidence.  *United States v. Bran*, 776 F.3d 276, 279 (4th Cir. 2015).  In assessing the sufficiency of the evidence, we consider whether there is substantial evidence to support the convictions when viewed in the light most favorable to the government.  *United States v. Haas*, 986 F.3d 467, 477 (4th Cir.), *cert. denied*, 142 S. Ct. 292 (2021).  "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt."  *Id.* (cleaned up).  In making this determination, we may not resolve conflicts in the evidence or evaluate witness credibility.

2

*United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018). "A defendant who brings a sufficiency challenge bears a heavy burden, as appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is clear." *Id.* (internal quotation marks omitted).

For the counts related to inmate Clark, the Government was required to prove that (1) Higgins deprived Clark of a right secured under the Constitution or the laws of the United States, (2) Higgins acted willfully, and (3) Higgins acted under color of law, in order for Higgins to have been found guilty of a misdemeanor. *United States v. Perkins*, 470 F.3d 150, 153 n.3 (4th Cir. 2006). If the Government could also prove that Higgins' deprivation resulted in bodily injury, Higgins would be guilty of a felony. 18 U.S.C. § 242; *Perkins*, 470 F.3d at 160-61. Here, the district court found Higgins guilty of a felony for two of the counts, and of the lesser-included misdemeanor for the final count.

Higgins does not contest that Clark was deprived of a right secured under the Constitution or the laws of the United States, that Higgins acted under color of law, or that Clark suffered bodily injury for the felony convictions. Instead, Higgins contends that there is insufficient evidence that he acted willfully, or that he was the responsible party on each count. We have thoroughly reviewed the records and the briefs on appeal and conclude, however, that the overwhelming weight of the evidence supports Higgins' convictions on these counts.

Turning to the counts charging honest services fraud, "[t]o obtain a conviction for mail fraud, the [g]overnment must prove (1) the existence of a scheme to defraud and (2) the use of the mails (or another interstate carrier) for the purpose of executing the scheme."

3

*United States v. Delfino*, 510 F.3d 468, 471 (4th Cir. 2007); *see* 18 U.S.C. § 1341.  As defined for purposes of the statute, "the term 'scheme or artifice to defraud' includes a scheme or artifice to deprive another of the intangible right of honest services."  18 U.S.C. § 1346.  The Supreme Court has interpreted the honest services fraud provision in § 1346 to apply only to schemes involving bribery or kickbacks.  *Skilling v. United States*, 561 U.S. 358, 367-68, 409 (2010).  The Court also explained that § 1346 draws content "from federal statutes proscribing—and defining—similar crimes," including 18 U.S.C. § 201 (proscribing bribery of public officials).  *Id.* at 412-13.

"Bribery requires intent to be influenced in an official act.  In other words, for bribery there must be a *quid pro quo*—a specific intent to give or receive something of value *in exchange* for an official act."  *United States v. Sun-Diamond Growers of Cali.*, 526 U.S. 398, 404-05 (1999) (cleaned up).  "The government does not have to prove an explicit promise to perform a particular act made at the time of payment.  [Instead, i]t is sufficient if the defendant understood that he was expected as a result of the payment to exercise particular kinds of influence as specific opportunities arose."  *United States v. Ganim*, 510 F.3d 134, 144 (2d Cir. 2007) (cleaned up).  In other words, "bribery can be accomplished through an ongoing course of conduct, so long as the evidence shows that the favors and gifts flowing to a public official are in exchange for a pattern of official actions favorable to the donor."  *Woodward v. United States*, 905 F.3d 40, 46 (1st Cir. 2018) (internal quotation marks omitted).  The Government may prove intent through circumstantial evidence.  *United States v. Jennings*, 160 F.3d 1006, 1014 (4th Cir. 1999).

4

Higgins contends that nothing in the record supports any inference that he acted in his official capacity because of any contribution made to the scholarship fund. After reviewing the record, we conclude that substantial evidence supports Higgins' conviction on all three counts. Higgins provided benefits to the inmate whose family donated to Higgins' fund in a clear course of conduct demonstrating a pattern of the provision of such benefits in exchange for the donations. Higgins' consistent actions favoring this inmate reflect an intent to exercise his influence on the inmate's behalf whenever an opportunity arose. *See Jennings*, 160 F.3d at 1014 ("[P]ayments may be made with the intent to retain the official's services on an 'as needed' basis, so that whenever the opportunity presents itself the official will take specific action on the payor's behalf."); *see also Ganim*, 510 F.3d at 144.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*