**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4164

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LEANTHONY T. WINSTON, a/k/a Locks, a/k/a Lee Lee,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Robert G. Doumar, Senior District Judge.  (2:20-cr-00108-RGD-DEM-1)

Submitted:  September 27, 2023                     Decided:  October 12, 2023

Before AGEE, WYNN, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Maureen Leigh White, Richmond, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Richmond, Virginia, Jacqueline R. Bechara, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted LeAnthony T. Winston of numerous charges, including conspiracy to distribute and possess with intent to distribute methamphetamine, marijuana, cocaine, and cocaine base, in violation of 21 U.S.C. § 846.  On appeal, Winston challenges the sufficiency of the evidence supporting his drug conspiracy conviction.  We affirm.

We review Winston's challenge to the sufficiency of the evidence de novo.[1] *United States v. Bran*, 776 F.3d 276, 279 (4th Cir. 2015).  In doing so, our role is limited to considering whether there is substantial evidence to support the conviction when viewed in the light most favorable to the Government.  *United States v. Haas*, 986 F.3d 467, 477 (4th Cir. 2021).  "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (cleaned up).  In determining whether the evidence is substantial, we may not resolve conflicts in the evidence or evaluate witness credibility.  *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018).  Moreover, "[a] defendant who brings a sufficiency challenge bears a heavy burden, as appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is clear." *Id.* (internal quotation marks omitted).

---

[1] On appeal, both parties assert that Winston failed to move for a judgment of acquittal in the district court and, thus, claim that the proper standard of review is for plain error.  *See United States v. Wallace*, 515 F.3d 327, 331-32 (4th Cir. 2008) (reviewing sufficiency challenge for plain error).  However, our review of the record reveals that Winston moved for a judgment of acquittal and preserved his challenge to the sufficiency of the evidence.

To convict Winston of conspiracy to distribute controlled substances, the Government had to prove "(1) an agreement between two or more persons to engage in conduct that violates a federal drug law, (2) [Winston's] knowledge of the conspiracy, and (3) [Winston's] knowing and voluntary participation in the conspiracy." *United States v. Kellam*, 568 F.3d 125, 139 (4th Cir. 2009) (internal quotation marks omitted). "Because a conspiracy is by nature clandestine and covert, there rarely is direct evidence of such an agreement." *United States v. Yearwood*, 518 F.3d 220, 226 (4th Cir. 2008) (internal quotation marks omitted). Thus, "[a] conspiracy may be proved wholly by circumstantial evidence." *United States v. Allen*, 716 F.3d 98, 103 (4th Cir. 2013) (internal quotation marks omitted).

Winston contends that nothing in the record supports that he knowingly entered into an agreement with another person to distribute drugs, as opposed to merely possessing drugs or distributing them independently. In so arguing, Winston correctly observes that "[a] mere buyer-seller relationship is insufficient to support a conspiracy conviction." *United States v. Howard*, 773 F.3d 519, 525 (4th Cir. 2014). However, "evidence of continuing relationships and repeated transactions can support the finding that there was a conspiracy, especially when coupled with substantial quantities of drugs." *United States v. Reid*, 523 F.3d 310, 317 (4th Cir. 2008). And here, witness testimony established that Winston regularly distributed drugs, repeatedly obtained drugs from a source located in Huntersville, Virginia, and possessed a firearm and large quantities of drugs. Moreover, Winston's associate testified that she knew Winston distributed drugs and purposefully introduced him to other drug dealers who could supply him with controlled substances.

3

We therefore conclude that substantial evidence supports Winston's conviction for conspiracy to distribute and possess with intent to distribute controlled substances.

Accordingly, we affirm the district court's judgment. Although we deny Winston's motions to relieve counsel, to proceed pro se on appeal, for a certificate of appealability, and for appeal bond, we grant his motion for leave to file a pro se supplemental brief.[2] *See United States v. Gillis*, 773 F.2d 549, 560 (4th Cir. 1985). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] We have thoroughly reviewed Winston's pro se submissions and identified no valid basis for relief.

4